IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| VICTOR VINCENT D'OTTAVIO, ) | |
| ) | |
| Plaintiff, ) | Case No.: 7:19-cv-01694-LSC |
| v. ) | JURY DEMAND REQUESTED |
| ) | |
| INDEPENDENT SERVICE PROVIDER, ) | |
| LLC, and MATTHEW SCOTT BAKER, ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

COMES NOW the Plaintiff, Victor Vincent D'Ottavio, pursuant to Federal Rule of Civil Procedure Rule 15, and files this First Amended Complaint to correct the name of the Defendant previously designated as Interstate Service Provider, LLC and to state the citizenship of the Defendant Independent Service Provider, LLC and its sole member.

The Defendant previously identified as Interstate Service Provider, LLC correct name is Independent Service Provider, LLC.  This name change is reflected in this First Amended Complaint and in the case caption.

Plaintiff further shows to this Honorable Court as follows:

**PARTIES**

1. Plaintiff, Victor D'Ottavio, is an adult resident citizen of the State of Alabama and is currently residing in Pelham, Alabama.

2. Defendant, Independent Service Provider, LLC, (hereinafter referred to as "Independent") is a Missouri limited liability company with its principal place of business in Madison, Illinois.

1

3. Defendant Independent is a single member limited liability company with its sole member James Pepper residing in Columbia, Illinois.

4. Defendant Independent is registered as a "motor carrier" under the Federal Motor Carrier Safety Regulations and was granted authority under USDOT 2076120. The grant of authority was at all times displayed on the side of the tractor with the consent of Defendant Independent.

5. Defendant, Matthew Scott Baker, (hereinafter referred to as "Baker"), is an adult resident citizen of the State of Mississippi, who resides at 4701 Lakeland Drive, Apt. 31C, Flowood, Mississippi 39232, and was the operator of the tractor-trailer which collided with the vehicle operated by Plaintiff.

6. On or about July 25, 2019, Defendants, Independent and Baker, operated, owned and/or leased, maintained and controlled the commercial motor vehicle (VIN # 3AKJGEDV6HDHV7227) and trailer involved in a collision with the automobile operated by Plaintiff.

**JURISDICTION AND VENUE**

7. Plaintiff, Victor D'Ottavio, is a citizen of the State of Alabama, residing in Hoover, Alabama at the time of this incident.

8. Defendant Independent is a limited liability company organized under the laws of Missouri with their principal place of business in Illinois.

9. Defendant Independent is a sole member limited liability company with its sole member residing in Columbia, Illinois.

10. Defendant Baker is a citizen of Mississippi.

11. The amount in controversy, without interests and costs, exceeds the sum or value

specified by 28 U.S.C. § 1332.

12. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a)(2) which states that venue is proper in "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

## FACTUAL ALLEGATIONS

13. On or about July 25, 2019, Defendant Matthew Scott Baker was driving a 2017 Freightliner tractor and pulling a trailer operated and/or owned by Defendant Independent. He was driving as an agent, servant or employee for Defendant Independent at the time of the collision.

14. At the aforesaid time and place, Defendant Independent had the right to exclusive possession, control and use of the tractor trailer.

15. The tractor-trailer was a "commercial motor vehicle" under 49 C.F.R. Section 390.5 and was operated under the motor carrier authority of Defendant Independent.

16. At the time, Defendant Baker operated the tractor-trailer with the knowledge, consent and permission of Defendant Independent.

17. At all relevant times, Defendant Baker was the agent, servant, employee or contractor of Independent and Defendant Independent had the right to control him.

18. At all relevant times, Defendant Baker operated the tractor-trailer under the USDOT motor carrier authority of Defendant Independent.

19. At the time of the collision made basis of this suit, Defendant Baker was driving the tractor-trailer northbound on Interstate 59 between County Road 32 and Covered Bridge Road in Tuscaloosa County, Alabama.

20. Plaintiff Victor D'Ottavio was also driving northbound on Interstate 59.

21. Defendant Baker failed to keep a proper lookout, failed to stop, and rear-ended Plaintiff's automobile.

22. While utilizing the public roadway, Defendants had a duty to operate the tractor-trailer in a careful, prudent, and lawful manner in order to avoid injury to the public including Plaintiff.

23. As a direct and proximate result of the breach of the duties owed by the Defendants, this collision occurred causing Plaintiff to suffer significant, catastrophic, and permanent injuries, leaving him a paraplegic.

## **COUNT ONE**

### **Negligence and/or Wantonness**

24. The Plaintiff adopts and incorporates the previous allegations into this count.

25. Plaintiff avers that Defendants were negligent and/or wanton in the operation of the tractor-trailer in one or more of the following respects:

    a. In failing to keep a proper lookout:

    b. In failing to keep the tractor-trailer under control;

    c. In rear-ending the Plaintiff's automobile with complete disregard for vehicles traveling in the same direction on Interstate 59;

    d. In failing to avoid colliding with Plaintiff, who was traveling in the same direction as Defendant, on Interstate 59;

    e. In recklessly, carelessly, heedlessly and in wanton disregard for the right or safety of persons or property, allowing the tractor-trailer to violently strike the back of Plaintiff's automobile;

    f. In failing to keep the tractor-trailer in control and allowing it to violently strike D'Ottavio's vehicle from behind; and

    g. In operating the commercial vehicle in a fatigued and or impaired condition.

26. Defendants were further negligent in violating certain federal regulations that were enacted for the benefit of the Plaintiff and others traveling on Interstate 59, including, but not limited to:

    a. 49 C.F.R. Part 390, which pertains to the safe operation by a motor carrier, the training, supervision, and duties of motor carriers and their employees, and to aiding and abetting violations of the rules and regulations;

    b. 49 C.F.R. § 390.3(e)(1), which requires Defendants to be knowledgeable of and comply with all regulations applicable to it and requires it to instruct every drive rand employee with regards to all applicable regulations;

    c. 49 C.F.R. § 391.11, which prohibits a person from driving a commercial motor vehicle unless he or she is a qualified to drive a commercial motor vehicle;

    d. 49 C.F.R. § 391.13, which requires Defendant Independent to ensure that a driver it permits to operate one of its tractor-trailer possess the requisite familiarity with the proper location, distribution and securement of his cargo;

    e. 49 C.F.R. § 391.23(a)-(c) which requires Defendant Independent to fully investigate the past three (3) years of a driver's driving history and to document evidence of that investigation within thirty (30) days of employment;

    f. 49 C.F.R. § 391.25 which requires Defendant Independent to properly conduct an annual inquiry and review of a driver's driving record;

    g. 49 C.F.R. § 391.27 which requires Defendant Independent to properly obtain

      records of all violations of motor vehicle traffic laws for each of its drivers every twelve (12) months;

  h. 49 C.F.R. § 391.253 which requires Defendant Independent to maintain an appropriate driver investigation history file for each of its drivers;

  i. 49 C.F.R. § 392.3, which provides that no driver shall operate a motor vehicle and a motor carrier shall not require or permit a driver to operate a motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the motor vehicle; and

  j. 49 C.F.R. Part 395, which prohibits a driver from operating a commercial motor vehicle after the driver has reached the maximum hours of service.

  k. 49 C.F.R. Part 391.41, which sets forth the physical qualifications for drivers.

27. Defendants were further negligent or wanton in violating certain Alabama statutes that were enacted for the benefits of the Plaintiff and others traveling on Interstate 59, including:

  a. Alabama Code § 32-5A-190, which states "Any person who drives any vehicle carelessly and heedlessly in willful or wanton disregard for the rights or safety of persons or property, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving."

28. Defendant Independent is vicariously liable for Defendant Baker's negligence and/or wantonness.

29. As a direct and proximate cause of Defendants' negligence and/or wantonness,

Plaintiff was caused to suffer injuries and damages including, but not limited to the following:

a. Plaintiff was caused to suffer physical injuries;

b. Plaintiff was caused to incur expenses for medicine, physicians' fees, hospital charges, and other related charges for health care; further, Plaintiff will be caused to continue to incur such expenses in the future;

c. Plaintiff suffered great pain and suffering from the injuries caused by the conduct of the Defendants; furthermore, Plaintiff will be caused to continue to experience pain and suffering in the future;

d. Plaintiff suffered mental anguish and/or emotional distress from the injuries caused by the conduct of the Defendants; furthermore in, Plaintiff will be caused to continue to suffer mental anguish and/or emotional distress in the future;

e. Plaintiff was caused to be unable to pursue his normal and usual activities; furthermore, Plaintiff will continue to be unable to pursue his usual activities in the future;

f. Plaintiff was caused to suffer permanent injuries and damages, including paraplegia.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants for compensatory and punitive damages, plus interests and costs, in an amount to be determined by the trier of fact.

## COUNT TWO

### *Respondent Superior*

30. Plaintiff incorporates all of the previous paragraphs by reference into this count.

31. At the time and place of the collision forming the basis of this civil action,

Defendant Independent was the principal, master and/or employer of Defendant Baker.

32. At the time and place of the collision made the basis of this civil action, Defendant Baker was acting within the line and scope of his employment with Defendant Independent and was operating a commercial tractor-trailer in furtherance of the business purposes or Defendant Independent.

33. As an approximate result of the same, Plaintiff was caused to suffer damages and injuries including, but not limited to the following:

a. Plaintiff was caused to suffer physical injuries.

b. Plaintiff was caused to incur expenses for medicine, physicians' fees, hospital charges, and other related charges for health care; further, Plaintiff will be caused to continue to incur such expenses in the future;

c. Plaintiff suffered great pain and suffering from the injuries caused by the conduct of the Defendants; furthermore, Plaintiff will be caused to continue to suffer mental anguish and/or emotional distress in the future;

d. Plaintiff suffered mental anguish and/or emotional distress from the injuries caused by the conduct of the Defendants; further Plaintiff will be caused to continue to suffer mental anguish and/or emotional distress in the future;

e. Plaintiff was caused to be unable to pursue his normal and usual activities; furthermore, Plaintiff will continue to be unable to pursue his normal and usual activities in the future;

f. Plaintiff was caused to suffer permanent injuries and damages, including paraplegia.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants for compensatory and punitive damages, plus interests and costs, in an amount to be determined by the trier of fact.

## COUNT THREE

### Negligent/Wanton Entrustment

34. Plaintiff incorporates all of the previous paragraphs by reference into this count.

35. On or before July 25, 2019, Defendant Independent was the owner and/or had custody and/or control of the vehicle being operated by Defendant Baker, when the collision made the subject of this Complaint occurred.

36. Plaintiff avers that Defendant Baker was incompetent to operate said vehicle and the Defendant knew, or by the exercise of reasonable care, should have known that Defendant Baker was incompetent to operate said vehicle. As a result, the Defendant negligently and/or wantonly entrusted said vehicle to Defendant Baker.

37. The Defendants negligent and/or wanton entrustment combined and concurred with the negligence and/or wantonness of Defendant Baker, and as approximate result of the same, Plaintiff was caused to suffer damages and injuries including, but not limited to the following:

   a. Plaintiff was caused to suffer physical injuries, including paraplegia.

   b. Plaintiff was caused to incur expenses for medicine, physicians' fees, hospital charges, and other related charges for health care; further, Plaintiff will be caused to continue to incur such expenses in the future;

   c. Plaintiff suffered great pain and suffering from the injuries caused by the conduct of the Defendants; furthermore, Plaintiff will be caused to continue to suffer

      mental anguish and/or emotional distress in the future;

d. Plaintiff suffered mental anguish and/or emotional distress from the injuries caused by the conduct of the Defendants; further Plaintiff will be caused to continue to suffer mental anguish and/or emotional distress in the future;

e. Plaintiff was caused to be unable to pursue his normal and usual activities; furthermore, Plaintiff will continue to be unable to pursue his normal and usual activities in the future;

f. Plaintiff was caused to suffer permanent injuries and damages, including paraplegia.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants for compensatory and punitive damages, plus interests and costs, in an amount to be determined by the trier of fact.

## COUNT FOUR

### Negligent/Wanton Hiring, Supervision, Training and/or Retention

38. Plaintiff incorporates all of the previous paragraphs by reference into this count.

39. Defendant, Independent, recklessly, wantonly, and/or negligently employed or hired, supervised, monitored, trained, investigated, and/or retained Defendant Baker as an agent, servant, employee, or independent contractor.

40. Defendant Baker committed reckless, negligent, and/or wanton acts while acting with the line and scope of his agency, service, employment, and/or contract with these Defendants.

41. As a proximate result of said reckless, wanton and/or negligent conduct on the part of the Defendants, Plaintiff was caused to suffer damages and injuries including, but not

limited to the following:

    a. Plaintiff was caused to suffer physical injuries.

    b. Plaintiff was caused to incur expenses for medicine, physicians' fees, hospital charges, and other related charges for health care; further, Plaintiff will be caused to continue to incur such expenses in the future;

    c. Plaintiff suffered great pain and suffering from the injuries caused by the conduct of the Defendants; furthermore, Plaintiff will be caused to continue to suffer mental anguish and/or emotional distress in the future;

    d. Plaintiff suffered mental anguish and/or emotional distress from the injuries caused by the conduct of the Defendants; further Plaintiff will be caused to continue to suffer mental anguish and/or emotional distress in the future;

    e. Plaintiff was caused to be unable to pursue his normal and usual activities; furthermore, Plaintiff will continue to be unable to pursue his normal and usual activities in the future;

    f. Plaintiff was caused to suffer permanent injuries and damages, including paraplegia.

## COUNT FIVE

### Combined and Concurring Negligence and Wantonness

42. Plaintiff incorporates all of the previous paragraphs by reference into this count.

43. Defendant Independent's negligence and/or wantonness combined and concurred with the negligence and/or wantonness of Defendant Baker, and as a proximate cause, Plaintiff was caused to suffer damages and injuries including, but not limited to, the following:

    a. Plaintiff was caused to suffer physical injuries.

b. Plaintiff was caused to incur expenses for medicine, physicians' fees, hospital charges, and other related charges for health care; further, Plaintiff will be caused to continue to incur such expenses in the future;

c. Plaintiff suffered great pain and suffering from the injuries caused by the conduct of the Defendants; further, Plaintiff will be caused to continue to suffer mental anguish and/or emotional distress in the future;

d. Plaintiff suffered mental anguish and/or emotional distress from the injuries caused by the conduct of the Defendants; further Plaintiff will be caused to continue to suffer mental anguish and/or emotional distress in the future;

e. Plaintiff was caused to be unable to pursue his normal and usual activities; further, Plaintiff will continue to be unable to pursue his normal and usual activities in the future;

f. Plaintiff was caused to suffer permanent injuries and damages, including paraplegia.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants for compensatory and punitive damages, plus interests and costs, in an amount to be determined by the trier of fact.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues and matters arising in and relating to this action.

**Dated:** This, the 31st day of October 2019.

*Annesley H. DeGaris*
Annesley H. DeGaris (ASB-9182-A63A)
Karen Lawrence Puccio (ASB-7624-E24Z)
Attorneys for the Plaintiff

**OF COUNSEL:**
DeGaris, Wright & McCall
2 North 20th Street, Suite 1030
Birmingham, Alabama 35203
P (205) 558-9000
F (205) 588-5231
adegaris@degarislaw.com
kpuccio@dwmlawyers.com

**SERVICE INSTRUCTIONS:**

Serve Defendant Independent Service Provider, LLC via certified mail pursuant to Federal Rule of Civil Procedure 4, to its registered agent:

INDEPENDENT SERVICE PROVIDER, LLC.,
c/o InCorp Services, Inc.
405 Galleria Lane, Suite C
Oxford, MS 38655-7249

Serve Defendant Matthew Scott Baker via certified mail pursuant to Federal Rule of Civil Procedure 4 at:

Matthew Scott Baker
4701 Lakeland Drive, Apt. 31C
Flowood, MS 39232