FILED
2019 Nov-13 PM 03:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| VICTOR VINCENT D'OTTAVIO, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 7:19-cv-01694-LSC |
| INDEPENDENT SERVICE PROVIDER, LLC, and MATTHEW SCOTT BAKER, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This Court acknowledges receipt of Plaintiff's Amended Complaint (doc. 3) in response to this Court's Order dated October 21, 2019, regarding the citizenship of the parties. The amended complaint alleges that Defendant Independent Service Provider, LLC ("Independent") is a limited liability company whose sole member, James Pepper, is a *resident* of Illinois. "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam). "[M]ere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir.), *cert. denied*, 419 U.S. 842 (1974).[1] "A person's

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" *McCormick*, 293 F.3d at 1257–58 (quoting *Mas*, 489 F.2d at 1399). Therefore, Plaintiff has not sufficiently alleged the citizenship of Independent and, further, whether the parties are completely diverse from one another.

Accordingly, Plaintiff has fourteen (14) days from the date of this Order to amend the complaint to sufficiently allege the citizenship of James Pepper and, further, that the parties are completely diverse from one another. If Plaintiff fails to do so, this case will be dismissed for lack of subject matter jurisdiction.

Further, it appears to the Court that the Plaintiff has failed to pay the filing fee of $350 and administrative fee of $50 in this matter. The Court's staff contacted Plaintiff's counsel by telephone on November 1, 2019, and left a voicemail informing counsel that the fee was outstanding. Plaintiff is hereby ORDERED pay a total of $400 ($350 filing fee + $50 administrative fee) to the Clerk of the Court within fourteen (14) days from the date of this Order. If Plaintiff fails to do so, this case will be dismissed for lack of prosecution.

**DONE** and **ORDERED** on November 13, 2019.

                                                L. Scott Coogler
                                     United States District Judge

199335