IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| VICTOR VINCENT D'OTTAVIO, | ) |
| | ) |
| Plaintiff, | ) Case No.: 7:19-cv-01694-LSC |
| v. | ) JURY DEMAND REQUESTED |
| | ) |
| INDEPENDENT SERVICE PROVIDER, | ) |
| LLC, and MATTHEW SCOTT BAKER, | ) |
| | ) |
| Defendants. | ) |

**SECOND AMENDED AND RESTATED COMPLAINT**

COMES NOW the Plaintiff, Victor Vincent D'Ottavio, pursuant to Federal Rule of Civil Procedure Rule 15 and this Court's order, and files this Second Amended and Restated Complaint to clarify the citizenship of James Pepper, the sole member of Defendant Independent Service Provider, LLC, and further allege the complete diversity among all parties considered for determining this Court's subject matter jurisdiction over this civil action.

Plaintiff further shows to this Honorable Court as follows:

**PARTIES**

1. Plaintiff, Victor Vincent D'Ottavio, (hereinafter referred to as "D'Ottavio") is an adult citizen of the State of Alabama and is currently residing in Pelham, Alabama.

2. Defendant, Independent Service Provider, LLC, (hereinafter referred to as "Independent") is a Missouri limited liability company with its principal place of business in Madison, Illinois.  Independent is a single member limited liability company.

3. Independent Service Provider, LLC's sole member is James Pepper.  Based on information and belief, James Pepper is a citizen of the state of Illinois, residing at 3420 Hanover

1

Road, Columbia, Illinois.

4. Defendant, Matthew Scott Baker, (hereinafter referred to as "Baker"), is an adult resident citizen of the State of Mississippi, who resides at 4701 Lakeland Drive, Apt. 31C, Flowood, Mississippi.

## JURISDICTION AND VENUE

5. Plaintiff, Victor D'Ottavio, is a citizen of the State of Alabama, and was a citizen of the State of Alabama at the time of this incident.

6. Defendant, Independent Service Provider, LLC is a limited liability company organized under the laws of Missouri with its principal place of business in Illinois.

7. Defendant, Independent is a single member limited liability company. Independent's sole member is James Pepper. Based on information and belief, James Pepper is a citizen of the state of Illinois, residing at 3420 Hanover Road, Columbia, Illinois.

8. Defendant, Matthew Scott Baker, is a citizen of Mississippi.

9. There is complete diversity between Plaintiff, all Defendants and the sole member of Independent Service Provider, LLC, James Pepper.

10. The amount in controversy, without interests and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

11. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a)(2) which states that venue is proper in "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

## FACTUAL ALLEGATIONS

12. Independent Service Provider, LLC is registered as a "motor carrier" under the

Federal Motor Carrier Safety Regulations and was granted authority under USDOT 2076120. The grant of authority was at all times displayed on the side of the tractor with the consent of Independent.

13. On or about July 25, 2019, Defendant, Independent, operated, owned and/or leased, maintained and controlled a commercial motor vehicle, a 2017 Freightliner tractor (VIN # 3AKJGEDV6HDHV7227) and trailer made the subject of this civil action.

14. On or about July 25, 2019, Matthew Scott Baker was driving the 2017 Freightliner tractor and pulling the trailer operated and/or owned by Independent. Baker was driving as an agent, servant or employee for Independent on this date.

15. At the aforesaid time and place, Independent had the right to exclusive possession, control, and use of the tractor and trailer.

16. The tractor-trailer rig was a "commercial motor vehicle" under 49 C.F.R. Section 390.5 and was operated under the motor carrier authority of Independent.

17. At all relevant times, Baker operated the tractor-trailer with the knowledge, consent and permission of Independent.

18. At all relevant times, Baker was the agent, servant, employee or contractor of Independent and Independent had the right to control him.

19. At all relevant times, Baker operated the tractor-trailer under the USDOT motor carrier authority of Independent.

20. At the time of the collision made basis of this suit, Baker was driving the tractor-trailer rig northbound on Interstate 59 between County Road 32 and Covered Bridge Road in Tuscaloosa County, Alabama.

21. At the time of the collision made basis of the suit, Plaintiff Victor D'Ottavio was

also driving northbound on Interstate 59 between County Road 32 and Covered Bridge Road in Tuscaloosa County, Alabama.

22. While utilizing the public roadway, Defendants had a duty to operate the tractor-trailer in a careful, prudent, and lawful manner in order to avoid injury to the public including Plaintiff.

23. Baker, while operating the tractor-trailer rig, failed to keep a proper lookout, failed to maintain a safe distance between his vehicle and other vehicles, failed to stop, and, as a result, rear-ended Plaintiff's automobile.

24. As a direct and proximate result of the breach of the duties owed by the Defendants, this collision occurred causing Plaintiff to suffer significant, catastrophic, and permanent injuries, leaving him a paraplegic.

## COUNT ONE

### Negligence and/or Wantonness

25. The Plaintiff adopts and incorporates by reference all the previous allegations and further states as follows.

26. At the time of the collision forming the basis of this civil action, Matthew Scott Baker had a duty to refrain from operating his tractor-trailer rig on a public roadway in a negligent and/or wanton manner.

27. Plaintiff avers that Baker was negligent and/or wanton in the operation of the tractor-trailer rig in one or more of the following respects:

   a. In failing to keep a proper lookout;

   b. In failing to maintain a proper distance between his tractor-trailer truck rig and other vehicles;

4

    c. In failing to keep the tractor-trailer under control;

    d. In failing to avoid colliding with Plaintiff, who was traveling in the same direction as Defendant, on Interstate 59;

    e. In recklessly, carelessly, heedlessly and in wanton disregard for the rights and safety of persons and property, allowing the tractor-trailer to violently strike the back of Plaintiff's automobile; and

    f. In operating the commercial vehicle in a fatigued and/or impaired condition.

28. Baker was further negligent or wanton in violating certain Alabama statutes that were enacted for the benefits of the Plaintiff and others traveling on Interstate 59, including: Alabama Code § 32-5A-190, which states "Any person who drives any vehicle carelessly and heedlessly in willful or wanton disregard for the rights or safety of persons or property, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving."

29. As a direct and proximate cause of Baker's negligence and/or wantonness, Plaintiff Victor D'Ottavio suffered injuries and damages including, but not limited to the following:

    a. Plaintiff suffered physical injuries;

    b. Plaintiff incurred expenses for medicine, physicians' fees, hospital charges, and other related charges for health care. Furthermore, Plaintiff will continue to incur such expenses in the future;

    c. Plaintiff suffered great pain and suffering from the injuries caused by the conduct of the Defendant. Furthermore, Plaintiff will continue to experience pain and suffering in the future;

    d. Plaintiff suffered mental anguish and/or emotional distress from the injuries caused

by the conduct of the Defendant. Furthermore, Plaintiff will continue to suffer mental anguish and/or emotional distress in the future;

e. Plaintiff was caused to be unable to pursue his normal and usual activities. Furthermore, Plaintiff will continue to be unable to pursue his usual activities in the future;

f. Plaintiff suffered permanent injuries and damages, including paraplegia.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants for compensatory and punitive damages, plus interests and costs, in an amount to be determined by the trier of fact.

## COUNT TWO

### *Respondent Superior*

30. The Plaintiff adopts and incorporates by reference all the previous allegations and further states as follows.

31. At the time and place of the collision forming the basis of this civil action, Independent Service Provider, LLC was the principal, master and/or employer of Defendant Matthew Scott Baker.

32. At the time and place of the collision made the basis of this civil action, Baker was acting within the line and scope of his employment with Independent and was operating a commercial tractor-trailer rig in furtherance of the business purposes of Independent.

33. Plaintiff avers that Baker was negligent and/or wanton in the operation of the tractor-trailer rig in one or more of the following respects:

a. In failing to keep a proper lookout;

b. In failing to maintain a proper distance between his tractor-trailer truck rig and other

     vehicles;

   c. In failing to keep the tractor-trailer under control;

   d. In failing to avoid colliding with Plaintiff, who was traveling in the same direction as Defendant, on Interstate 59;

   e. In recklessly, carelessly, heedlessly and in wanton disregard for the rights and safety of persons and property, allowing the tractor-trailer to violently strike the back of Plaintiff's automobile; and

   f. In operating the commercial vehicle in a fatigued and or impaired condition.

34. Independent is vicariously liable for Defendant Baker's negligence and/ or wanton conduct.

35. As an approximate result of Baker's negligence and/or wantonness, Plaintiff suffered damages and injuries including, but not limited to the following:

   a. Plaintiff suffered physical injuries;

   b. Plaintiff incurred expenses for medicine, physicians' fees, hospital charges, and other related charges for health care. Furthermore, Plaintiff will continue to incur such expenses in the future;

   c. Plaintiff suffered great pain and suffering from the injuries caused by the conduct of the Defendant. Furthermore, Plaintiff will continue to experience pain and suffering in the future;

   d. Plaintiff suffered mental anguish and/or emotional distress from the injuries caused by the conduct of the Defendant. Furthermore, Plaintiff will continue to suffer mental anguish and/or emotional distress in the future;

   e. Plaintiff was caused to be unable to pursue his normal and usual activities.

Furthermore, Plaintiff will continue to be unable to pursue his usual activities in the future;

f. Plaintiff suffered permanent injuries and damages, including paraplegia.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants for compensatory and punitive damages, plus interests and costs, in an amount to be determined by the trier of fact.

### COUNT THREE

### Negligent/Wanton Entrustment

36. The Plaintiff adopts and incorporates by reference all the previous allegations and further states as follows.

37. On or before July 25, 2019, Independent Service Provider, LLC was the owner and/or had custody and/or control of the tractor-trailer rig being operated by Matthew Scott Baker, when the collision made the subject of this action occurred.

38. Plaintiff avers that Baker was incompetent to operate said vehicle and Independent knew, or by the exercise of reasonable care, should have known that Baker was incompetent to operate said vehicle. As a result, Independent negligently and/or wantonly entrusted said vehicle to Defendant Baker.

39. Independent's negligent and/or wanton entrustment combined and concurred with the negligence and/or wantonness of Baker, and as approximate result of the same, Plaintiff suffered damages and injuries including, but not limited to the following:

a. Plaintiff suffered physical injuries;

b. Plaintiff incurred expenses for medicine, physicians' fees, hospital charges, and other related charges for health care. Furthermore, Plaintiff will continue to incur

such expenses in the future;

c. Plaintiff suffered great pain and suffering from the injuries caused by the conduct of the Defendant. Furthermore, Plaintiff will continue to experience pain and suffering in the future;

d. Plaintiff suffered mental anguish and/or emotional distress from the injuries caused by the conduct of the Defendant. Furthermore, Plaintiff will continue to suffer mental anguish and/or emotional distress in the future;

e. Plaintiff was caused to be unable to pursue his normal and usual activities. Furthermore, Plaintiff will continue to be unable to pursue his usual activities in the future;

f. Plaintiff suffered permanent injuries and damages, including paraplegia.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants for compensatory and punitive damages, plus interests and costs, in an amount to be determined by the trier of fact.

## COUNT FOUR

### Negligent/Wanton Hiring, Supervision, Training and/or Retention

40.    The Plaintiff adopts and incorporates by reference all the previous allegations and further states as follows.

41.    Independent Service Provider, LLC , recklessly, wantonly, and/or negligently employed or hired, supervised, monitored, trained, investigated, and/or retained Matthew Scott Baker as an agent, servant, employee, or independent contractor.

42.    Baker committed reckless, negligent, and/or wanton acts while acting with the line and scope of his agency, service, employment, and/or contract with Independent.

43. As a proximate result of said reckless, wanton and/or negligent conduct on the part of the Defendants, Plaintiff was caused to suffer damages and injuries including, but not limited to the following:

    a. Plaintiff suffered physical injuries;

    b. Plaintiff incurred expenses for medicine, physicians' fees, hospital charges, and other related charges for health care. Furthermore, Plaintiff will continue to incur such expenses in the future;

    c. Plaintiff suffered great pain and suffering from the injuries caused by the conduct of the Defendant. Furthermore, Plaintiff will continue to experience pain and suffering in the future;

    d. Plaintiff suffered mental anguish and/or emotional distress from the injuries caused by the conduct of the Defendant. Furthermore, Plaintiff will continue to suffer mental anguish and/or emotional distress in the future;

    e. Plaintiff was caused to be unable to pursue his normal and usual activities. Furthermore, Plaintiff will continue to be unable to pursue his usual activities in the future;

    f. Plaintiff suffered permanent injuries and damages, including paraplegia.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants for compensatory and punitive damages, plus interests and costs, in an amount to be determined by the trier of fact.

## **COUNT FIVE**

### **Combined and Concurring Negligence and Wantonness**

44. The Plaintiff adopts and incorporates by reference all the previous allegations and further states as follows.

45. Independent Service Provider, LLC's negligence and/or wantonness combined and concurred with the negligence and/or wantonness of Matthew Scott Baker, and as a proximate cause, Plaintiff suffered damages and injuries including, but not limited to, the following:

   a. Plaintiff suffered physical injuries;

   b. Plaintiff incurred expenses for medicine, physicians' fees, hospital charges, and other related charges for health care. Furthermore, Plaintiff will continue to incur such expenses in the future;

   c. Plaintiff suffered great pain and suffering from the injuries caused by the conduct of the Defendant. Furthermore, Plaintiff will continue to experience pain and suffering in the future;

   d. Plaintiff suffered mental anguish and/or emotional distress from the injuries caused by the conduct of the Defendant. Furthermore, Plaintiff will continue to suffer mental anguish and/or emotional distress in the future;

   e. Plaintiff was caused to be unable to pursue his normal and usual activities. Furthermore, Plaintiff will continue to be unable to pursue his usual activities in the future;

   f. Plaintiff suffered permanent injuries and damages, including paraplegia.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants for compensatory and punitive damages, plus interests and costs, in an amount to be determined by the trier of fact.

## JURY DEMAND

Plaintiff demands trial by jury of all issues and matters arising in and relating to this action.

**Dated:** This, the 15th day of November 2019.

*Annesley H. DeGaris*
Annesley H. DeGaris (ASB-9182-A63A)
Karen Lawrence Puccio (ASB-7624-E24Z)
Attorneys for the Plaintiff

**OF COUNSEL:**
DeGaris Wright McCall
2 North 20th Street, Suite 1030
Birmingham, Alabama 35203
P (205) 558-9000
F (205) 588-5231
adegaris@degarislaw.com
kpuccio@dwmlawyers.com

## **SERVICE INSTRUCTIONS:**

Serve Defendant Independent Service Provider, LLC via certified mail pursuant to Federal Rule of Civil Procedure 4, to its registered agent:

INDEPENDENT SERVICE PROVIDER, LLC.,
c/o InCorp Services, Inc.
405 Galleria Lane, Suite C
Oxford, MS 38655-7249

Serve Defendant Matthew Scott Baker via certified mail pursuant to Federal Rule of Civil Procedure 4 at:

Matthew Scott Baker
4701 Lakeland Drive, Apt. 31C
Flowood, MS 39232