# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **VICTOR VINCENT D'OTTAVIO** ) ) ) **Plaintiff,** ) v. ) ) ) **INDEPENDENT SERVICE PROVIDER, LLC, and MATTHEW SCOTT BAKER,** ) ) ) ) ) ) **Defendants.** | **Case No.: 7:19-cv-01694-LSC** **JURY DEMAND REQUESTED** |

## THIRD AMENDED AND RESTATED COMPLAINT

COMES NOW the Plaintiff, William Anthony D'Ottavio, as the Personal Representative of the Estate of Victor Vincent D'Ottavio, and files this Third Amended and Restated Complaint, adding a wrongful death claim.

Plaintiff adopts and incorporates by reference all the allegations of the previous Complaints further shows this Honorable Court as follows:

## FACTUAL ALLEGATIONS

1. Independent Service Provider, LLC is registered as a "motor carrier" under the Federal Motor Carrier Safety Regulations and was granted authority under USDOT 2076120. The grant of authority was at all times displayed on the side of the tractor with the consent of Independent.

1

2. On or about July 25, 2019, Defendant, Independent, operated, owned, and/or leased, maintained, and controlled a commercial motor vehicle, a 2017 Freightliner tractor (VIN # 3AKJGEDV6HDHV7227) and trailer made the subject of this civil action.

3. On or about July 25, 2019, Matthew Scott Baker was driving the 2017 Freightliner tractor and pulling the trailer operated and/or owned by Independent. Baker was driving as an agent, servant, or employee for Independent on this date.

4. At the aforesaid time and place, Independent had the right to exclusive possession, control, and use of the tractor and trailer.

5. The tractor-trailer rig was a "commercial motor vehicle" under 49 C.F.R. Section 390.5 and was operated under the motor carrier authority of Independent.

6. At all relevant times, Baker operated the tractor-trailer with the knowledge, consent, and permission of Independent.

7. At all relevant times, Baker was the agent, servant, employee, or contractor of Independent and Independent had the right to control him.

8. At all relevant times, Baker operated the tractor-trailer under the USDOT motor carrier authority of Independent.

9. At the time of the collision made basis of this suit, Baker was driving the tractor-trailer rig northbound on Interstate 59 between County Road 32 and

Covered Bridge Road in Tuscaloosa County, Alabama.

10. At the time of the collision made basis of the suit, Victor Vincent D'Ottavio ("D'Ottavio") was also driving northbound on Interstate 59 between County Road 32 and Covered Bridge Road in Tuscaloosa County, Alabama.

11. While utilizing the public roadway, Defendants had a duty to operate the tractor-trailer in a careful, prudent, and lawful manner in order to avoid injury to the public including Plaintiff.

12. Baker, while operating the tractor-trailer rig, failed to keep a proper lookout, failed to maintain a safe distance between his vehicle and other vehicles, failed to stop, and, as a result, rear-ended D'Ottavio's automobile.

13. As a direct and proximate result of the breach of the duties owed by the Defendants, this collision occurred causing D'Ottavio to suffer significant, catastrophic, and permanent injuries, leaving him a paraplegic.

14. Furthermore, as a direct and proximate result of the injuries received in the above described collision, Victor Vincent D'Ottavio died on April 21, 2020.

## COUNT SIX

### Wrongful Death

15. The Plaintiff adopts and incorporates by reference all the previous allegations set forth in the previously filed Complaints and further states as follows.

16. As a direct and proximate result of the injuries received in the above described collision Victor Vincent D'Ottavio died on April 21, 2020.

17. At the time of the collision forming the basis of this civil action, Matthew Scott Baker had a duty to refrain from operating his tractor-trailer rig on a public roadway in a negligent and/or wanton manner.

18. Plaintiff avers that Baker was negligent and/or wanton in the operation of the tractor-trailer rig in one or more of the following respects:

   a. In failing to keep a proper lookout;

   b. In failing to maintain a proper distance between his tractor-trailer truck rig and other vehicles;

   c. In failing to keep the tractor-trailer under control;

   d. In failing to avoid colliding with Plaintiff, who was traveling in the same direction as Defendant, on Interstate 59;

   e. In recklessly, carelessly, heedlessly and in wanton disregard for the rights and safety of persons and property, allowing the tractor-trailer to violently strike the back of D'Ottavio's automobile; and

   f. In operating the commercial vehicle in a fatigued, distracted, and/or impaired condition.

19. Baker was further negligent or wanton in violating certain Alabama statutes that were enacted for the benefit of Victor Vincent D'Ottavio and others

traveling on Interstate 59, including: Alabama Code § 32-5A-190, which states "Any person who drives any vehicle carelessly and heedlessly in willful or wanton disregard for the rights or safety of persons or property, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving."

20. As a direct and proximate cause of Baker's negligence and/or wantonness, Victor Vincent D'Ottavio suffered injuries that resulted in his death.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants for punitive damages, plus interests and costs, in an amount to be determined by the trier of fact.

## JURY DEMAND

Plaintiff demands trial by jury of all issues and matters arising in and relating to this action.

**Dated:** This, the 10th day of June, 2020.

                                          *Annesley H. DeGaris*

                                        Annesley H. DeGaris (ASB-9182-A63A)
                                        Attorney for the Plaintiff

**OF COUNSEL:**
DeGaris Wright McCall
2 North 20th Street, Suite 1030
Birmingham, Alabama 35203
P (205) 558-9000
F (205) 588-5231
adegaris@degarislaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 10th day of June 2020, I served a true and correct copy of the foregoing on the following counsel of record by electronic mail and/or by delivery by the U. S. Postal Services, properly addressed and first class postage prepaid:

      Lea Richmond, IV, Esq.
      B. Joseph Davis, Jr., Esq.
      Carr, Allison
      100 Vestavia Parkway
      Birmingham, Alabama 35216

                                        /s/ Annesley H. DeGaris
                                        OF COUNSEL